BARRY J. PORTMAN
Federal Public Defender
ERIC MATTHEW HAIRSTON
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant JOSEPH TANG

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOSEPH HOKAI TANG, ) <br> ) <br> Defendant. ) <br> _____ ) | No.   CR 07-00703 MHP <br><br> STIPULATION AND [PROPOSED] ORDER CONTINUING CHANGE OF PLEA FROM APRIL 28, 2008 TO MAY 5, 2008 AND EXCLUDING TIME FROM THE SPEEDY TRIAL ACT CALCULATION UNDER 18 U.S.C. § 3161(h)(8)(A) and (B). |

The undersigned parties stipulate as follows:

1. On April 7, 2008, the parties, including the defendant, appeared before the Court and requested that the matter be continued to April 28, 2008 at 10:00 a.m. for a change of plea. The parties, including the defendant, also requested and agreed that time be excluded under 18 U.S.C. § 3161(h)(8)(A), (B)(i), and (B)(ii).

2. The parties have agreed in principle that Mr. Tang will enter a plea pursuant to a written plea agreement. However, given the complexity of coordinating attorney-client conferences while Mr. Tang pursues his studies in Oregon, counsel for Mr. Tang has requested an additional week to discuss the terms of the proposed plea agreement with

1. Mr. Tang prior to entry of his plea. The parties agree that a continuance of this matter from April 28, 2008 to May 5, 2008 is appropriate under the circumstances set forth above.

3. At the April 7, 2008 appearance in this matter, the parties agreed in open court that an exclusion of time from April 7, 2008 to April 28, 2008 is appropriate under the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(A), (B)(i) and (B)(ii). The parties hereby agree that a further exclusion of time to May 5, 2008 is appropriate. The parties agree that the fact-intensive nature of this case and the complexity of coordinating attorney-client conferences while Mr. Tang pursues his studies in Oregon justifies additional time for effective preparation on the part of his counsel, taking into account the exercise of due diligence.

4. Thus, the parties agree that the failure to grant a continuance would unreasonable deny counsel for the defense the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and failure to grant such a continuance would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(8)(B)(i) and (iv). Finally, the parties agree that the ends of justice served by excluding the period from April 7, 2008 to May 5, 2008, outweigh the best interest of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(A).

**IT IS SO STIPULATED.**

DATED: April 23, 2008          _____/s/_____
                                CHRISTINA HUA
                                Assistant United States Attorney

DATED: April 23, 2008          _____/s/_____
                                ERIC MATTHEW HAIRSTON
                                Assistant Federal Public Defender

1 **[PROPOSED] ORDER**

2      For the foregoing reasons, with the agreement of the parties, and with the consent of the

3 defendant, the Court enters this order continuing the change of plea in this matter from April 28,

4 2008 to May 5, 2008 and excluding time from April 7, 2008 to May 5, 2008 under the Speedy

5 Trial Act, 18 U.S.C. § 3161(h)(8)(A), (B)(i) and (B)(ii), as the ends of justice outweigh the

6 interest of the public and the Defendant in a speedy trial.

7      **IT IS SO ORDERED.**

10 DATED: 4/23/2008



United States v. Joseph Tang, No. CR 07-00703 MHP
Stipulation and Order Continuing Change of Plea

3